IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

IN THE MATTER OF THE APPLICATION OF )
THE UNITED STATES OF AMERICA FOR AN )
ORDER AUTHORIZING THE INSTALLATION ) MISC. NO. 09-531
AND USE OF A PEN REGISTER, TRAP AND )
TRACE, AND CALLER IDENTIFICATION DEVICE ) UNDER SEAL
ON TELEPHONE NUMBER ▮▮▮▮▮▮▮ )

## APPLICATION FOR PEN REGISTER, TRAP AND TRACE, AND CALLER IDENTIFICATION DEVICE

The United States of America, by and through its counsel, Channing Phillips, acting United States Attorney for the District of Columbia, and G. Michael Harvey, Assistant United States Attorney, hereby applies to the Court pursuant to 18 U.S.C. § 3122 for an Order authorizing the installation and continued use of a pen register, trap and trace and caller identification device on the telephone line presently assigned number ▮▮▮▮, which is a cellphone number the government believes is being used by Stephen Jin-Woo Kim who is the subject of a Federal Bureau of Investigation. The cellular telephone service provided for ▮▮▮▮ s T-Mobile, USA, Inc. In support of this application, the United States certifies the following:

1. The Applicant is an "attorney for the government" as defined in Rule 1(b)(1) of the Federal Rules of Criminal Procedure, and therefore, pursuant to Title 18, United States Code, Section 3122, may apply for an Order authorizing the installation and use of a pen register, trap and trace, and/or a caller identification device. Such orders may be issued by "any district court of the United States (including a magistrate judge of such a court) . . . having jurisdiction over the offense being investigated," pursuant to a recent amendment to Section 3127(2)(A) of the

federal Pen Register statute. See Section 216 of the USA Patriot Act of 2001, enacted on October 25, 2001, and codified as 18 U.S.C. § 3127(2)(A).

2. The Applicant certifies that the FBI is conducting a criminal investigation of possible violations of federal laws, including 18 U.S.C. § 793 (unauthorized disclosure of national defense information). The applicant further certifies that, as set forth below, the information likely to be obtained is relevant to the ongoing criminal investigation.

3. More specifically, there is reasonable cause to believe, based on the FBI's investigation to date, that in June 2009 classified United States national defense information was published in an article on a national news organization's website (hereinafter the "June 2009 article"). The disclosed national defense information was (and still is) classified at the TOP SECRET level. "Classified" information is defined by Executive Order 12958, as amended by Executive Order 13292, and their predecessor orders, Executive Orders 12356 and 12065, as information in any form that: (1) is owned by, produced by or for, or under control of the United States government; (2) falls within one or more of the categories set forth in the Order; and (3) is classified by an original classification authority who determines that its unauthorized disclosure reasonably could be expected to result in damage to the national security. Where such damage could reasonably result in "exceptionally grave" damage to the national security, the information may be classified as "TOP SECRET."

4. Classified information, of any designation, may be shared only with persons determined by an appropriate United States government official to be eligible for access to classified information, who have signed an approved non-disclosure agreement and who possess

2

a "need to know." If a person is not eligible to receive classified information, classified information may not be disclosed to that person. The unauthorized disclosure of such information is prohibited by 18 U.S.C. § 793, among other statutes and regulations.

5. Following the disclosure of the national defense information in the June 2009 article, an FBI investigation was initiated to determine the source(s) of the unauthorized disclosure. The investigation has revealed that one individual who had access to the TOP SECRET national defense information was Stephen Jin-Woo Kim, a Lawrence Livermore National Laboratory employee who was on detail to the Department of State at the time of the publication of the June 2009 article. Mr. Kim possesses a TOP SECRET security clearance. As an government employee with a security clearance, Mr. Kim has executed multiple SF 312 Classified Information Non-Disclosure Agreements. SF 312 Agreements are legally binding agreements between an individual being granted, or already in possession of, a security clearance, and the United States Government which states that the individual never disclose classified information without authorization. As used in the SF 312 Agreement, classified information is marked or unmarked classified information, including oral communications, that is classified under the standards of Executive Order 12356, as well any other Executive Order or statute that prohibits the unauthorized disclosure of information in the interest of national security.

6. The investigation has further revealed that approximately four hours before the June 2009 article was published, Mr. Kim accessed electronically on his classified work computer the intelligence report that contained the TOP SECRET classified information which later that day was disclosed in the June 2009 article. The intelligence report was clearly marked

3

TOP SECRET and plainly instructed the reader that all of the information contained in the report was classified TOP SECRET and was not authorized for disclosure. Nevertheless, the FBI's investigation has further revealed evidence that *at the same time that Mr. Kim was viewing this TOP SECRET report he placed two telephone calls to the reporter who later that afternoon would authored the June 2009 article* (hereinafter "Reporter A"). In the hour following those calls to Reporter A, the FBI's investigation has further revealed evidence suggesting that the Mr. Kim met face-to-face with Reporter A outside of the Department of State. Specifically, the FBI has obtained electronic entry and exit records from the Department of State that demonstrate that Mr. Kim and Reporter A, who also worked at the Department of State at the time, departed and then later returned to the building at nearly the same time and location. They were both absent from the building for approximately 40 minutes. Approximately three hours after that probable face-to-face meeting between Mr. Kim and Reporter A, the June 2009 article was published on the Internet. Immediately following the publishing of the article, yet another call was placed from Mr. Kim's work telephone to Reporter A's telephone number.

7. Mr. Kim was not authorized, directly or indirectly, by the U.S. government to deliver, communicate, or transmit the TOP SECRET information contained in the June 2009 article to Reporter A or any other member of the press, and Reporter A was not authorized to receive it.

8. On September 24, 2009, the FBI conducted a non-custodial interview of Mr. Kim concerning the leak of classified information in the June 2009 article, among others. During that interview, Mr. Kim denied being a source of the classified information in the June 2009 article.

4

He admitted to meeting Reporter A in approximately March 2009 but denied having any contact with Reporter A since that time. Mr. Kim stated that Department of State protocol required that he would have to go through the Department of State press office before he could speak with the press. Mr. Kim added, "I wouldn't pick-up a phone and call [Reportor A] or [the news organization that Reporter A works for]."

9. An analysis of call records for *Mr. Kim's* Department of State *work phone* reveals that between May 26, 2009 and July 14, 2009, *36 calls* were placed to or received from telephone numbers associated with Reporter A, including 7 calls on the day that the June 2009 article was published.

10. During the September 24, 2009 non-custodial interview, when ask by the FBI for a cell phone number to reach him in the future, Mr. Kim stated that his cell phone was "no longer active" as of the day of the interview. Mr. Kim indicated to the FBI that he would be purchasing a new cell phone with a different number.

11. An analysis of call records for *Mr. Kim's cell phone* (which he apparently intends to disconnect after his interview with the FBI) reveals that between May 26, 2009 and June 30, 2009, *27 calls* were placed to or received from telephone numbers associated with Reporter A.

12. On September 25, 2009, Mr. Kim provided his employer, the Lawrence Livermore National Laboratory, with updated contact information, including a new cell phone number: ▮▮▮▮▮▮ The service provider for that number is T-Mobile, USA Inc.

13. It is apparent from the foregoing both that Mr. Kim has been in contact by telephone with Reporter A on multiple occasions in the recent past and that Mr. Kim does not

5

want the FBI, who he knows is investigating the leak of classified information in the June 2009 article, to know about those contacts. The Applicant further certifies that the information likely to be obtained from the pen register and trap and trace device of Mr. Kim's new cell phone number ▮▮▮▮▮▮▮, is relevant to the government's ongoing criminal investigation, in that it will provide agents with investigative leads, and potential evidence at trial concerning continuing contact between Mr. Kim and Reporter A.

14. The information to be obtained from the caller identification feature is geographically limited only by the technology of the service provider for the telephone, and the technology of the originating telephone number service providers, with no geographic limit for the trap and trace.

15. The Applicant requests that the Court issue an Order authorizing the use of (1) a pen register to register numbers dialed to or pulsed from ▮▮▮▮▮▮▮, to record the date and time of such dialings or pulsings, and to record the length of time for incoming or outgoing calls; and (2) the use of the trap and trace and caller identification device[1] on ▮▮▮▮▮▮▮ to capture the incoming electronic and other impulses which identify the originating number of a wire or electronic communication, and the date and time of such incoming pulses, for a period of sixty (60) days.

16. The Applicant further requests that the Order direct T Mobile USA, or any other service carrier for ▮▮▮▮▮▮▮, to furnish all information, facilities, and technical assistance

---

[1] The caller identification device is the functional equivalent of a trap and trace, except that, in addition to determining the telephone number from which incoming calls are being made, it also shows the subscriber's name for published numbers.

6

necessary to accomplish the installation of the pen register, trap and trace and the caller identification device unobtrusively with a minimum of interference with the services that the provider accords the subscriber(s), and with compensation to be paid by the FBI for reasonable expenses incurred in providing such facilities and assistance.

17. The Applicant requests further that the Court's Order direct T Mobile USA, or any other service carrier for ███████, its agents, employees and affiliates not to disclose to the subscriber, or to any other person, the existence of the requested pen register, trap and trace, or the caller identification device, or of this investigation, unless or until otherwise ordered by the Court.

18. It is further requested that the Court's order apply not only to ███████, but also to any subsequent or additional telephone number(s) or line(s) assigned to replace or supplement the above-referenced number, if subscribed to by Mr. Stephen Kim.

19. Because disclosure of this application could jeopardize the investigation for which the authorization to install and use the pen register, trap and trace and caller identification device is sought, the Applicant further requests that this application be filed under seal, pursuant to Title 18, United States Code, Section 3123(d)(1). The Applicant further requests that this Court's Order, and any subsequent Orders, be sealed until otherwise ordered by the Court.

WHEREFORE, it is respectfully requested that the Court grant an Order(1) authorizing the installation and use of a pen register to record numbers dialed or pulsed from ███████ (2) authorizing the installation and use of a trap and trace and caller identification device to capture the incoming electronic or other impulses which identify the originating number of a wire

7

or electronic communication to ███████; (3) directing T Mobile USA, or any other service carrier for ███████, to furnish forthwith to FBI agents all information, facilities, and technical assistance necessary to accomplish the installation and use of the devices unobtrusively and with minimum interference to the service presently accorded persons whose dialings or pulsings are the subject of the pen register, trap and trace, and caller identification device; and (4) sealing this Application and the Court's Order.

I certify under penalty of perjury that the foregoing is true and correct.

EXECUTED on this 5th day of October 2009.

          Respectfully submitted,

          CHANNING PHILLIPS
          ACTING UNITED STATES ATTORNEY

          */s/*

          G. Michael Harvey
          Assistant United States Attorney
          DC Bar No. 447-465
          555 4th Street, NW – 11th Floor
          Washington, D.C. 20530
          202-305-4155
          michael.harvey2@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

IN THE MATTER OF THE APPLICATION OF )
THE UNITED STATES OF AMERICA FOR AN )
ORDER AUTHORIZING THE INSTALLATION ) MISC. NO. 09-531
AND USE OF A PEN REGISTER, TRAP AND )
TRACE, AND CALLER IDENTIFICATION DEVICE ) UNDER SEAL
ON TELEPHONE NUMBER ▮ )

## ORDER

This matter having come before the Court pursuant to an application under Title 18, United States Code, Section 3122, by G. Michael Harvey, an attorney for the Government, which application requests an Order under Title 18, United States Code, Section 3123, authorizing the installation and use of a pen register, trap and trace and a caller identification device on ▮ ▮, and certifies that the disclosure of such records is relevant to an ongoing criminal investigation into possible violations of federal law, including 18 U.S.C. § 793, and

**IT APPEARING** that the numbers dialed or pulsed to and from the telephone bearing ▮ are relevant to an ongoing criminal investigation of possible violations of 18 U.S.C. § 793, and

**IT FURTHER APPEARING** that there are reasonable grounds to believe that the contents of the requested records are relevant and material to an ongoing criminal investigation described in the application;

**IT IS ORDERED**, pursuant to Title 18, United States Code, Section 3123, that agents of the Federal Bureau of Investigation may continue to install and use (1) a pen register to register numbers dialed to or pulsed from ▮, to record the date and time of such dialings or pulsings, and to record the length of time for incoming or outgoing calls; and (2) a trap and trace

and caller identification device on ▮ to capture the incoming electronic and other impulses which identify the originating number of a wire or electronic communication and the date and time of such incoming pulses, for a period of sixty (60) days; and

**IT IS FURTHER ORDERED** that the information obtained from the caller identification feature provided pursuant to this Order shall be geographically limited only by the technology of the service provider for the telephone and the technology of the originating telephone number service providers; and

**IT IS FURTHER ORDERED,** pursuant to Title 18, United States Code, Section 3123(b)(2), that T Mobile USA, or any other service carrier for ▮ shall furnish agents of the Federal Bureau of Investigation forthwith all information, facilities, and technical assistance necessary to accomplish the installation of the devices unobtrusively and with minimum interference with the services that are accorded persons whose dialings and pulsings are the subject of the pen register, the trap and trace and the caller identification device; and

**IT IS FURTHER ORDERED,** that the T Mobile USA, or any other service carrier for ▮, shall be compensated by the applicant for reasonable expenses incurred in providing technical assistance; and

**IT IS FURTHER ORDERED** that this Order shall apply not only to ▮, but also to any subsequent or additional telephone number(s) or line(s) assigned to replace or supplement the above-referenced number, if subscribed to by ▮, within the sixty (60) day period authorized by this order.

**IT IS FURTHER ORDERED,** pursuant to Title 18, United States Code, Section 3123(d), that this Order and the application shall be sealed until otherwise ordered by the Court,

and that T Mobile USA, or any other service carrier for ▮▮▮▮▮▮, its agents, employees and affiliates, shall not disclose the existence of the pen register, trap and trace or caller identification device or the existence of the investigation to the listed subscriber, or to any other person, unless or until otherwise ordered by the Court.

**SO ORDERED** this _5th_ day of October, 2009.

_____
UNITED STATES MAGISTRATE

Serve: G. Michael Harvey
Assistant United States Attorney
United States Attorney's Office for the District of Columbia
555 Fourth Street, N.W. – 11th Floor
Washington, D.C. 20530
202-305-4155

3

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN THE MATTER OF THE APPLICATION OF THE UNITED STATES OF AMERICA FOR AN ORDER AUTHORIZING THE INSTALLATION AND USE OF PEN REGISTERS AND TRAP AND TRACE DEVICES ON TELEPHONE NUMBER: ███ | MISC. NO. 09-531<br><br>Related to:<br>Criminal No. 1:10-cr-00225-CKK<br>Misc. No: 1:16-mc-02183<br><br>**UNDER SEAL** |

## MOTION TO MODIFY SEALING ORDER

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby respectfully moves this Court for a modification of the order granted by Magistrate Judge John M. Facciola on October 5, 2009, sealing the above-captioned application, order and related paperwork which was sought during the investigation of <u>United States v. Stephen Jin-Woo Kim</u>, Criminal No. 1:10-cr-00225-CKK. This request for partial unsealing is necessary in order to prevent the inadvertent disclosure of personal information or sources and methods related to reporter James Rosen and/or Fox News Network. In support of its motion, the United States states further:

### Background

On October 5, 2009, Magistrate Judge Facciola granted the Government's motion to seal the above-captioned application for pen registers and trap and trace devices, finding that sealing the aforementioned would further the legitimate prosecutorial interest in preserving the integrity of the ongoing criminal investigation of Stephen Jin-Woo Kim ("Kim"). On April 2, 2014, this Court accepted Kim's plea of guilty to a violation of Title 18 U.S.C. Section 793(d) and imposed a lawful sentence. The Government, in turn, dismissed the remaining count in the indictment, thereby resolving the criminal case.

On October 21, 2016, the Reporters Committee for Freedom of the Press ("Reporters Committee") filed an application for access to certain sealed court records, to include any applications for pen register and trap and trace devices, and orders pursuant to 18 U.S.C §2703(d), in the Kim matter. At that time, the Government undertook a review of its investigative files and determined that there was no longer a basis to keep the documents sought by the application of the Reporters Committee under seal. The Government then informed counsel for the Reporters Committee that it intended to move to unseal all of the documents at issue in the application.

## Circumstances Leading to Request to Modify Sealing Order

On November 21, 2016, counsel for reporter James Rosen and Fox News contacted Government counsel and expressed concern that the unsealing of the documents would unnecessarily disclose personal information or sources and methods related to the reporter and/or Fox News. Government counsel informed counsel for Mr. Rosen and Fox News that it had intended to redact any personally identifying information, such as dates of birth, email addresses, and phone numbers to protect the privacy of those involved. However, Government counsel could not make representations about whether the redacted documents would nevertheless reveal reporter sources and methods.

Consequently, the United States respectfully requests that it be permitted to disclose proposed redacted versions of the above-captioned application, order and related paperwork to James Rosen and to counsel for James Rosen and Fox News Network in order to allow for meaningful review prior to the Government moving to fully unseal. The United States will instruct counsel that counsel may also disclose the content of the partially unsealed documents to senior leadership at Fox News Network.

## Relief Sought

WHEREFORE, for the foregoing reasons, the United States respectfully requests that the Court modify the sealing order to allow the United States to disclose proposed redacted versions

2

of the above-captioned application, order and related paperwork to the individuals described herein. A proposed Order is submitted herewith.

Respectfully submitted,

CHANNING D. PHILLIPS
United States Attorney
D.C. Bar No. 415793

By: _____
Deborah A. Curtis
Assistant United States Attorney
National Security Section
California Bar Number 172208
555 Fourth Street NW
Washington, D.C. 20530
(202) 252-6920
deborah.curtis@usdoj.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

IN THE MATTER OF THE APPLICATION OF THE UNITED STATES OF AMERICA FOR AN ORDER AUTHORIZING THE INSTALLATION AND USE OF PEN REGISTERS AND TRAP AND TRACE DEVICES ON TELEPHONE NUMBER: ███

MISC. NO. 09-531

UNDER SEAL

**FILED**

NOV 29 2016

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

ORDER
(November 29, 2016)

The Government has moved to modify the sealing order in the above captioned application on the request of James Rosen and/or Fox News Network. Upon consideration of the Government's motion to modify the sealing order and for the reasons set forth in the Government's motion, it is this 29th day of November, 2016,

**ORDERED** that the Government's motion is hereby GRANTED, and that the above-captioned application, order and related paperwork be partially unsealed. It is further

**ORDERED** that James Rosen and counsel for James Rosen and Fox News Network shall provide the Government with any input regarding the propriety of fully unsealing these documents by no later than **December 6, 2016**. It is further

ORDERED that the Clerk of the Court shall mail a copy of this order, overnight, to:

Deborah A. Curtis
Assistant United States Attorney
National Security Section
555 Fourth Street NW
Washington, D.C. 20530
(202) 252-6920

**SO ORDERED.**

/s/
COLLEEN KOLLAR-KOTELLY
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| IN THE MATTER OF THE APPLICATION OF THE UNITED STATES OF AMERICA FOR AN ORDER AUTHORIZING THE INSTALLATION AND USE OF PEN REGISTERS AND TRAP AND TRACE DEVICES ON TELEPHONE NUMBER: ▮▮▮▮▮▮ | MISC. NO. 09-531<br><br>Related to:<br>Criminal No. 1:10-cr-00225-CKK<br>Misc. No: 1:16-mc-02183<br><br>**UNDER SEAL** |
|---|---|

## MOTION FOR UNSEALING

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully moves this Court to unseal all motions, applications, orders and related paperwork in the above-captioned matter. As set forth in the Government's motion to seal the original application, granted by Magistrate Judge John M. Facciola on October 5, 2009, sealing of the above-described documents was necessary at that time because they contained facts concerning a continuing investigation and release of those facts could endanger the course and outcome of the investigation. Since Judge Facciola's Order, the investigation and resultant criminal case -- <u>United States v. Stephen Jin-Woo Kim</u>, Criminal No. 1:10-cr-00225-CKK -- have been resolved. Accordingly, there is no present law enforcement reason for continued sealing of the documents.

To protect the privacy of those involved, the Government respectfully requests that all personally identifiable information, including names of uncharged individuals, email addresses, and phone numbers that appear in the original application and order be redacted prior to those documents being placed on the public docket. Unredacted versions of those respective documents are appended to this Motion for the Court's review as Attachments A and C. Proposed redacted versions of the documents are appended as Attachments B and D.

By this Motion, the Government also seeks the unsealing of a motion to modify the original sealing order and the Court's order granting that motion, Attachments E and G, respectively. As set forth in that motion, the purpose of the partial unsealing was to afford Mr. James Rosen, a reporter, and Fox News Network the opportunity to view the proposed redactions to the original application prior to it being placed on the public docket. Counsel for Mr. Rosen and Fox News Network did review the documents and offered no objections. Accordingly, the Government also offers proposed redacted versions of that motion and order at Attachments F and H.[1]

Finally, by this Motion, the Government seeks to unseal this motion (without attachments) and the resulting Court order, redacting only the personally identifiable information contained in the case caption. Proposed redacted versions of that motion and proposed order are appended as Attachments I and J.

A proposed Order is submitted herewith.

**WHEREFORE**, the Government respectfully requests (1) that this Honorable Court order that all documents associated with the above-captioned application be unsealed and (2) that the attached redacted versions of those documents be placed on the public record.

                                  Respectfully submitted,

                                  CHANNING D. PHILLIPS
                                  United States Attorney
                                  D.C. Bar No. 415793

By:             /s/            
     Deborah A. Curtis
     Assistant United States Attorney
     National Security Section
     California Bar Number 172208
     555 Fourth Street NW
     Washington, D.C. 20530
     (202) 252-6920
     deborah.curtis@usdoj.gov

---

[1] At the request of counsel for Mr. Rosen and Fox News Network, their names are not redacted from the documents.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| IN THE MATTER OF THE APPLICATION OF THE UNITED STATES OF AMERICA FOR AN ORDER AUTHORIZING THE INSTALLATION AND USE OF PEN REGISTERS AND TRAP AND TRACE DEVICES ON TELEPHONE NUMBER: ▮ | MISC. NO. 09-531<br><br>Related to:<br>Criminal No. 1:10-cr-00225-CKK<br>Misc. No: 1:16-mc-02183<br><br>**Under Seal** |
|---|---|

## ORDER

Upon consideration of the Government's motion to unseal the above-captioned application, order and related paperwork, as well as the motion to modify the original sealing order and the order granting that motion and the instant motion to unseal (without attachments) and this order, for the reasons set forth in the Government's motion and for good cause shown, it is this

_____day of December, 2016,

ORDERED that the Government's motion is hereby GRANTED, and that the above-captioned application, order and related paperwork be unsealed.

Further ORDERED that, to protect the privacy of the individuals involved, the proposed redacted versions of the documents be placed on the public record.

_____
UNITED STATES DISTRICT COURT JUDGE
COLLEEN KOLLAR-KOTELLY

Copy to:

Deborah A. Curtis
Assistant United States Attorney
National Security Section
555 Fourth Street NW
Washington, D.C. 20530
(202) 252-6920